## DAVID D. COOPER and Wife *vs.* THOMAS MAY.

A *fi. fa.* cannot issue on a judgment before a justice of the peace, after the death of deft. without a *sci. fa.*

*It seems* that a judgment may be kept alive by a *fi. fa.*, issued within the year and day, and by regular continuances by *vice comes* afterwards, *as against the original party.*

And on the deft's. death a *fi. fa.* may issue, if by relation it can be tested previous to the death,

But after deft's. death and one term elapsed, no execution can issue without a previous *sci. fa.*

CERTIORARI. Judgment before a justice of the peace in an action at the suit of Thomas May *vs.* Nathaniel D. Masten. An execution

</div>

issued in 1826, on which a sale was made, but no part applied to that execution. Masten died in 1826, and his widow administered, and

No. 4. Form of Indenture of a *poor coloured boy under ten years old,* by two justices of the peace; or two trustees of the poor; or a justice and trustee.

This Indenture, made this —— day of —— A. D. 18—, between C. D. and E. F. two of the justices of the peace for —— county, in the state of Delaware, of the one part, and G. H. of the said county and state, of the other part:—

Whereas, the said C. D. and E. F., justices as aforesaid, having received information of a certain male negro *(or mulatto)* child, named Y. Z. within the said county, who has not parents able to maintain him and bring him up to industry, and in suitable employment, did issue process under their hands

afterwards intermarried with Cooper. An alias *fi. fa.* was issued in 1829.

This was the error assigned, that the alias *fi. fa.* issued several years after the defendant's death, and without any *sci. fa.*

The case was argued by *Frame* for the plff. in error, and *Johnson* for deft. in error.

After consideration, the *Chief Justice* delivered the following opinion:—

CLAYTON C. J.—"On the 13th May, 1826, judgment was obtained against Nathaniel D. Masten, by default, for the sum of $50. On the same day execution issued, returnable 13th Nov. 1826, and was delivered to a constable; who, on the 22d May, 1827, returned the same with an inventory of the goods and chattels levied on and appraised to $75 84, subject to prior executions, and indorsed 'goods sold by D. Mason, constable, for $122 37, and applied to prior executions.' Cooper intermarried with the widow and admr'x. of N. D. Masten, who died on the 28th May, 1826. On the 13th Oct. 1828, an *alias* execution issued.

The exception taken in this case is, that the judgment ought to

and seals, directed to J. K., a constable of said county, commanding him to bring before them at a time and place therein appointed, the said Y. Z. and also his parents; and the said justices, upon the parties, or such of them as could be found, being brought pursuant to said process, having inquired into their condition and circumstances; and it appearing to be a proper case for binding the said Y. Z. according to the second section of the Act concerning apprentices and servants:

*Now, therefore,* this indenture witnesseth: That the said C. D. and E. F. justices as aforesaid, in pursuance of the power to them given in the said act, and in consideration of the sum of —— dollars, lawful money of the state of Delaware, advanced and paid to A. B., father of the said Y. Z. by the said G. H., have put and bound, and by these presents do put and bind the said Y. Z. a poor negro (*or mulatto*) boy, who is now of the age of —— years —— months and —— days, as nearly as can be ascertained, as a servant to the said G. H. his executors, administrators and assigns, for and during the term, &c. &c., (*as in form No. 3.*)

In witness whereof, the said C. D. and E. F. justices as aforesaid, (being together, and executing this indenture in the presence of each other,) and the said G. H., have hereunto set their hands and seals respectively, the day and year, first herein written.

<div align="right">

C. D.　[seal]
E. F.　[seal]
G. H.　[seal]

</div>

*Signed, sealed and delivered,* ⎫
　*in the presence of*　　 ⎬
　　L. M. and N. O.　　 ⎭

No 5. Form of Indenture of a *poor coloured boy, over ten years old.*

Adopt form No. 4, merely adding to the recital these words:—"the said justices did, upon the application of the parents of the said Y. Z., postpone the said binding for five days, to enable the said parents, to give sufficient security for indemnifying the county against the maintenance of the said Y. Z., which security has not been given, although the time aforesaid, has expired."

have been revived by *scire facias* against the adm'rx., before issuing the *alias fi. fa.*, to take the goods in the hands of the adm'rx. After judgment, if no execution be issued within the year and day, it is necessary to revive the judgment by *scire facias*, and it is irregular to issue a *fi. fa.* or other execution without such proceeding, unless a stay be given, or the plff. be delayed by writ of error or injunction. The reason why the plff. is put to his *sci. fa.* after the year, is because where he lies by so long after his judgment, it shall be presumed that the judgment is executed, or that the plff. has released the execution; and, therefore, the deft. is not to be disturbed without being called upon, and having an opportunity of pleading that the judgment is executed, or the release, or showing other cause, if he can, why execution should not be issued against him. It has been said that execution may be sued out, after the year, without a *sci. fa.* merely upon awarding the writ upon the roll within the year, and continuing it down by *vice comes non misit breve* to the time of serving the writ. *Carth.* 283. However, it seems questionable, whether the writ of execution ought not to be sued out within the year, and *returned and filed*, to warrant the entry of continuances; for in a subsequent case, it was adjudged that an execution cannot be continued on the roll unless it be returned and filed. 2 *Wils.* 82. Even actually suing out an execution and continuing it by *vice comes non misit breve*, is stigmatized by Lord Holt as a usurer's trick. 2 *Lord Raymond*, 208; 2 *Saunds.* 72, 1 *Stra.* 100; 1 *Crompt. Prac.* 344.

But it is not necessary in this case to decide the question, whether it is necessary to sue out a *fi. fa.* and have it returned and filed, in order to have the continuances entered so as to entitle the plff. to his execution at any time afterwards without a *sci. fa.*; because, in this case, a totally different question presents itself; not whether by suing out execution and having it regularly continued down upon the roll, or by merely awarding the writ, and continuing it in the same manner, plff. may, at any time after the year, take out execution against the deft., but whether in such case, it is regular to take out an execution against a *deceased* person *where a term has intervened since his death*. All that these continuances can effect, is to prevent the judgment from expiring, so as to obviate the necessity of a *scire facias* against a party to the judgment. If judgment is recovered, and the deft. dies in one month afterwards, if a term is suffered to elapse, so that the execution must be tested after his death, such execution would be irregular; for the rule is, that when a new person, who was not a party to a judgment, derives benefit by, or becomes chargeable to, the execution, there must be a *sci. fa.* to make him a party. 2 *Saund.* 6, n. 1; 1 *Lord Raymond*, 245; 1 *Salk.* 319-20; 2 *Lord Raymond*, 768; 2 *Inst.* 471. So when the deft. dies in term time and execution is taken out *immediately* after the term, yet as it is necessary to test the execution as of the last day of the term, a day posterior to the death of deft., a *scire facias* is necessary to revive the judgment against the administrator. 6 *T. Rep.* 368. Lord Kenyon in this case says 'great injustice may be done to cre-

ditors if we permit the execution to stand.' The plff. should have sued out a *scire facias* to revive the judgment against the deft's. *executor.* The moment a party is dead, the rights of his creditors are fixed. An execution once begun should proceed. I understand by this, that where chattels or other property are seized in execution, you may proceed to complete the execution at any time after, and that the death of neither plff. nor deft. will stop the execution. But I have met. with no case where you can take out execution which must be tested after the death of the plff. or deft. A *scire facias* is necessary in every such case. But the case under consideration is free from all difficulty. An execution was issued in the lifetime of Masten and completed. No benefit it is true, was derived from that execution. · About two years and a half after his death, and probably after the goods were all administered, an *alias fi. fa.* issued against the dead man, commanding the constable to levy the debt of his goods and chattels, and for want of such goods and chattels to take his body, and commit him to the common jail of the county. Justices of the peace have no stated terms; all their process is continued by adjournment to a special day; the fiction of 'continuances upon the roll' cannot exist, because it is not possible. The law will not suppose any thing which is not possible. There had been therefore, in this case, no continuance of the execution for more than two years after the death of Masten, nor could there in the nature of things, be such a continuance. Every execution from a justice takes effect from its date; it has no relation to a prior time; and in no case can an execution issue against a deft. after his death. This is contemplated by the Act of Assembly, *(Digest* 347*).* A judgment does not expire under three years, unless the deft. dies within that time; and in such case, a *sci. fa.* is necessary. If execution be sued out after a year and a day without a *scire facias,* it is not void, but voidable only by writ of error. 2 *Saund.* 6, n.; 3 *Lev.* 404; 1 *Salk.* 261. A certiorari is more extensively remedied than a writ of error.

The *alias fi. fa.* is irregular, and the proceedings must be reversed.''

BLACK and ROBINSON, *Justices,* concurring.

Judgment of reversal.

*Frame* for plff. in error.
*Johnson* for deft. in error.